IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**KENNETH HARTLEY,**

    Petitioner,

v.                                                            Case No. 3:08-cv-962-MMH-LLL

**SECRETARY, DEPARTMENT OF**    **THIS IS A CAPITAL CASE**
**CORRECTIONS and FLORIDA**
**ATTORNEY GENERAL,**

    Respondent.
_____

### EMERGENCY MOTION TO PERMIT
### FEDERAL PUBLIC DEFENDER COUNSEL
### TO EXHAUST RELIEF IN STATE COURT

Petitioner, Kenneth Hartley, through undersigned counsel, respectfully moves this Court for an order permitting appointed federal counsel, the Capital Habeas Unit of the Federal Public Defender's Office for the Northern District of Florida ("CHU"), to exhaust time-sensitive relief in state court in light of newly discovered evidence regarding Mr. Hartley's actual innocence and multiple due process violations. As explained below, the claims Mr. Hartley intends to bring arose from the investigation conducted by the CHU along with the Conviction Integrity Unit (CIU) in the Office of the State Attorney for the Fourth Judicial Circuit. The CHU and the CIU agreed to this joint effort on March 29, 2023. Although the claims were newly discovered during the course of this partnership, undersigned counsel

1

anticipates that the State will challenge the diligence and timeliness of the motion. Therefore, in an abundance of caution, undersigned counsel intends to rely on March 29, 2023 as the date that triggered the one-year period to file a successive claim for postconviction relief under Fla. R. Crim. P. 3.851(d)(2)(A).

## I.     Relevant Background to Proceedings

In August 1993, Mr. Hartley was convicted of first-degree murder, armed robbery, and armed kidnapping of Gino Mayhew. *Hartley v. State,* 686 So. 2d 1316, 1318 (Fla. 1996). The jury recommended a death sentence by an 9-3 vote. *Id.,* at 1319. Mr. Hartley's co-defendants, Ronnie Ferrell and Sylvester Johnson, were each tried separately. Johnson was convicted and sentenced to life. Ferrell was convicted and sentenced to death but was later resentenced to life. *Hartley v. State*, 175 So. 3d 757, 760 (Fla. 2015).

Undersigned counsel was appointed on July 21, 2008, as Mr. Hartley's registry counsel for purposes of his federal habeas proceedings and subsequently represented him in both federal court and his subsequent state-court litigation. ECF No. 7.

Undersigned later accepted a position with the CHU and began working there on February 3, 2020. Counsel filed a motion requesting this Court to appoint her, in her capacity as a CHU attorney, as federal-court counsel for Mr. Hartley, which the Court granted on July 21, 2020. ECF No. 57.

Undersigned moved to withdraw as Mr. Hartley's state-court counsel on February 18, 2020. In anticipation of the motion, the State filed a Motion for Clarification and Appointment of New State Postconviction Counsel on February 17, 2020. The state court subsequently appointed Capital Collateral Regional Counsel – North as state-court counsel on February 21, 2020.

**II.     Mr. Hartley's State-Court Claims**

On March 29, 2023, the CHU, in their capacity as Mr. Hartley's federal-court counsel, met with the Conviction Integrity Unit (CIU) in the Office of the State Attorney for the Fourth Judicial Circuit. The CIU had chosen to investigate the innocence case of Mr. Hartley's co-defendant, Ronnie Ferrell. Due to the inextricably intertwined nature of the cases, the CIU and the CHU agreed to embark on a joint investigation.[1] The CIU and the CHU agreed to maintain transparency regarding any findings throughout the investigation. In addition to joining with the CHU's investigation efforts, the CIU recommended experts the CHU could consult with and disclosed information about witnesses utilized by the State at trial. Accordingly the CHU's investigation, with the assistance and insight the CIU

---

[1] The State's two main witnesses, Sidney Jones and Juan Brown, testified at each of the co-defendants' trials. The two were the pillars to the State's case as they were the only witnesses who could provide testimonies that were contemporaneous to the crime. The rest of the State's case against Mr. Hartley was made up of the testimonies of the medical examiner, law enforcement officers, and jailhouse witnesses.

provided as agents of the State Attorney's Office, uncovered large swaths of exculpatory evidence.

The evidence includes:

- Undisclosed evidence of expectations by witnesses, Sidney Jones and Juan Brown, from the State.
- Undisclosed notes from the Jacksonville Sheriff's Office that reveal witnesses who undermine Jones' testimony. For example, the notes reveal that Kim Harris, the victim's girlfriend at the time of the crime, indicated that she spoke with him at 9:15 p.m. while he was at his home with his mother. This directly contradicts Jones' testimony that Gino was at the scene of the abduction from 8:00 p.m. on.
- The findings of an eyewitness identification expert that undermine the testimonies of Jones and Brown.
- The digital crime scene reconstruction and subsequent conclusions of a forensic consultant that decisively shows the State's theory of the shooting could not have occurred. Consequently, the statements of the jailhouse witnesses who testified in accordance with the State's theory, are refuted.
- A fingerprint report that could not exclude Hank Evans, an alternate suspect, from the prints that had been found in the victim's vehicle. This holds significance as this is the type of evidence that would have changed the determination of whether testimony implicating Evans, which had been excluded at Mr. Hartley's trial, would have been allowed in Mr. Hartley's trial.

The CHU, alongside the CIU, unearthed exculpatory evidence—of which, continues to both bolster Mr. Hartley's actual innocence claim. The CIU later withdrew their involvement in the investigation, citing to the fact that there was ongoing litigation in Mr. Hartley's case. This litigation had begun in April 2023, after it was learned that jailhouse informant Ronald Bronner had admitted to testifying falsely at Mr. Hartley's capital trial. Under Florida Rule of Criminal

Procedure 3.851, this exculpatory information constitutes newly discovered evidence of due process violations that likely warrants sentencing relief, at a minimum, for Mr. Hartley. Recognizing this, CHU counsel now seek to file and litigate a state-court postconviction motion to challenge Mr. Hartley's wrongful conviction and death sentence.

In addition, the CHU developed a claim relating to the jailhouse informants in Mr. Hartley's case. That claim was originally filed in April, 2023, and as of this week was scheduled for an evidentiary hearing. Due to the CHU's development of the claim and the complexities that with all of the new evidence being presented, CHU counsel also seeks authorization to assist in the presentation of evidence at the scheduled evidentiary hearing.

### III. Mr. Hartley's Request for the CHU to Represent Him in State Court

Mr. Hartley requests that this Court permit current CHU counsel to represent him in the state courts on the issues outlined above. Allowing the CHU to represent Mr. Hartley is consistent with the practice and precedent of this Court and the Eleventh Circuit.[2]

This Court appointed CHU counsel to represent Mr. Hartley pursuant to 18 U.S.C § 3599, which provides that counsel appointed for a state prisoner's federal

---

[2] Respondent lacks standing to object to the CHU's request to litigate Mr. Hartley's claim. *See Booker v. Sec'y, Fla. Dep't of Corr.*, 22 F.4th 954, 959 (11th Cir. 2022).

habeas case shall "represent [the petitioner] throughout every subsequent stage of available judicial proceedings," including "all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures," and "such competency proceedings and proceedings for executive or other clemency as may be available," except upon a defense motion for substitution of "similarly qualified counsel." Here, as outlined above, Mr. Hartley's claims are an essential component of his postconviction process, supporting claims for federal review, and potentially leading to complete exoneration.

The Supreme Court has rejected the view that § 3599 restricts the scope of federally appointed counsel's representation of a state prisoner solely to habeas corpus proceedings in federal courts. *Harbison v. Bell*, 556 U.S. 180, 186 (2009) ("[T]he Government contends that, fairly read, the statute as a whole is intended to furnish representation only in federal proceedings and that all proceedings listed in subsection (e) . . . should be understood to be federal . . . *The Government's argument is not convincing.*") (emphasis added). Rather, the Supreme Court explained in *Harbison* that § 3599(e), the relevant statute that governs the scope of federally appointed habeas counsel, permits counsel to seek available state-court remedies for their clients. See *id.* at 188 ("It is the sequential organization of the statute and the term 'subsequent' that circumscribe counsel's representation, not a strict division between federal and state proceedings."). Under *Harbison*, "a district court may

determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation." *Id.* at 190, n.7.

Following *Harbison*, the Eleventh Circuit recognized that when a federal habeas petitioner had a potentially unexhausted remedy in state court, "the district court, in the exercise of its discretion, may authorize § 3599 counsel to prosecute the unexhausted claim in state court." *Gary v. Georgia Diagnostic Prison*, 686 F.3d 1261, 1277 (11th Cir. 2012). In light of the necessity for federal habeas claims to be exhausted in state court, it makes sense to allow federally appointed counsel to return to state court "so that counsel can go forward with her prosecution of the prisoner's federal habeas petition." *Id.* at 1277. Although the Eleventh Circuit disfavored § 3599 being used to permit federal counsel to pursue purely "a state law ground," it approved a district court's exercise of discretion under § 3599 permitting counsel's assistance in exhausting, for federal habeas purposes, a claim based on a federal ground. *Id.*

This applies to the situation at hand: the newly discovered evidence directly relates to due process violations that led to Mr. Hartley's wrongful conviction and should bar him from being executed under the Eighth Amendment of the United States Constitution. The Eleventh Circuit has suggested that, in such a circumstance, federally appointed counsel has a duty to provide representation in state court instead of allowing a federal claim to lapse or otherwise be impeded. *See Gore v. Crews*,

720 F.3d 811, 814 n.1 (11th Cir. 2013). This concern is particularly weighty here. The recent findings are the fruit of the joint investigation between the CIU and the CHU. Because of the CHU's role in the investigations, the CHU has a direct familiarity and relationship with the witnesses and experts involved. Additionally, because of the CIU's cooperation with the CHU, the CHU has first-hand and nuanced knowledge of what evidence was borne from State-disclosure. Should this Court deny undersigned's motion, Mr. Hartley will be left with state-court counsel who does not have the familiarity, relationships, and resources to adequately litigate the claims.

Furthermore, the Criminal Justice Act ("CJA") and the Judicial Conference's guidelines for CJA administration also favor CHU counsel's appointment in state court for the purpose of litigating this claim, which bears on Mr. Hartley's innocence and eligibility to be executed. Under the CJA statute, 18 U.S.C. § 3006A(c), a "person for whom counsel is appointed shall be represented at every stage of the proceedings . . . including *ancillary matters* appropriate to the proceedings." (emphasis added). The Judicial Conference's guidelines provide that, in determining whether an ancillary matter fits within the scope of § 3006A(c), "the court should consider whether such representation is necessary to accomplish, among other things," objectives including (1) "to protect a Constitutional right," (2) "to contribute in some significant way" to the defense, and (3) to "aid in preparation" for the federal

8

proceeding. *See Guide to Judiciary Policy, Guidelines for Administering the CJA and Related Statutes*, Vol. 7a, § 210.20.30 (November 5, 2015). CHU counsel's exhaustion in state court on Mr. Hartley's behalf is essential for the protection of his federal constitutional rights, contributes in a significant way to his defense, and is essential to the preparation of future federal claims, such as the violation of due process claims that pervade Mr. Hartley's trial.

Finally, permitting the CHU to represent Mr. Hartley for purposes of litigating his claim of newly discovered evidence that bears on his actual innocence is in accordance with the rationale underpinning the office's creation. As this Court is aware, the CHU was established because of significant problems relating to the provision of meaningful defense services in a number of capital cases in Florida, a pattern that raised concerns for the bench and bar alike.

Here, Mr. Hartley's lead CHU counsel has continuously represented Mr. Hartley, both in her capacity as Registry counsel and at the CHU, for more than fifteen years. Allowing the CHU to represent Mr. Hartley in state court for purposes of this claim will ensure that he is represented by counsel who is intimately familiar with the facts of his case and were directly involved with the investigation of the claims, thereby avoiding any further delay in litigation or the potential for disruption of the attorney-client relationship. Significantly, Mr. Hartley is well-apprised of the

9

CHU's investigation conducted with the CIU and has expressed his desire for the CHU to represent him in the state-court proceedings.[3]

## V. Conclusion

Mr. Hartley respectfully requests that this Court grant his motion to permit CHU counsel to litigate his claims of newly discovered evidence bearing on his innocence and death eligibility in state court.

Respectfully submitted,

/s/ Linda McDermott
Linda McDermott
Chief, Capital Habeas Unit
Office of the Federal Public Defender
Northern District of Florida
227 N. Bronough St., Suite 4200
Tallahassee, FL 32301-1300
(850) 942-8818
linda_mcdermott@fd.org

## Local Rule 3.01(g) Certification

Petitioner's position is that the Respondent does not have standing on the issues of appointment or removal and thus, has not conferred with Respondent as to the request for authorization to appear in Mr. Hartley's state court proceedings.

/s/ Linda McDermott
Linda McDermott

---

[3] Should the Court require, undersigned counsel can supply an affidavit from Mr. Hartley regarding his choice of counsel.

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing motion have been furnished by electronic service to all counsel of record on this 29th day of February, 2024.

/s/ Linda McDermott
Linda McDermott
