# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**KENNETH HARTLEY,**

    Petitioner,

v.                                          Case No. 3:08-cv-962-MMH-LLL

**SECRETARY, DEPARTMENT OF**          **THIS IS A CAPITAL CASE**
**CORRECTIONS and FLORIDA**
**ATTORNEY GENERAL,**

    Respondents.

_____

## UNOPPOSED MOTION FOR LEAVE TO REPLY

    Petitioner, Kenneth Hartley, respectfully moves for leave to file a reply to Respondents' March 4, 2024 response and objection to Mr. Hartley's motion to permit undersigned counsel to exhaust his constitutional claims in state court. *See* ECF Nos. 88, 90; *see also* M.D. Fla. Rule 3.01(d) (permitting the filing of a reply in support of a motion with leave of court). In light of Respondents' arguments that misrepresent Eleventh Circuit precedent, Mr. Hartley believes a short reply, of no more than ten pages, will assist this Court in its adjudication of the legal and factual questions raised here.

    Among the issues Mr. Hartley plans to address is Respondents' lack of standing to even contest the pending motion. *See Booker v. Sec'y, Fla. Dep't of Corr.*, 22 F.4th 954, 959 (holding the State lacks standing to appeal a district court's

1

order permitting federal counsel to exhaust relief in state court "because the appointment of federal counsel caused no injury to the State."). Respondents' objection circumvents *Booker*'s central holding and relies on the concurring opinion in *Booker* to argue this Court is required to determine whether appointed state-court counsel is adequate pursuant to § 3599(a)(2). A reply is necessary to correct Respondents' misinterpretations of *Booker* and the relevant provision of § 3599.[1]

Notwithstanding Respondents' lack of standing, the reply will also refute the State's contention that this Court is required to make a finding that Mr. Hartley's current state-court counsel is inadequate and, alternatively, why such a finding is appropriate here given the complex nature of the claims at issue.

**WHEREFORE**, Mr. Hartley respectfully asks this Court to grant leave to reply on or before March 11, 2024. Mr. Hartley's reply will not exceed 10 pages.

Respectfully submitted,

/s/ Linda McDermott
Linda McDermott
Chief, Capital Habeas Unit
Office of the Federal Public Defender
Northern District of Florida
227 N. Bronough St., Suite 4200
Tallahassee, FL 32301-1300
(850) 942-8818

---

[1] The first sentence of the concurrence in *Booker* is: "I concur in full with the majority's opinion dismissing the Florida Secretary of the Department of Corrections' appeal as the State has failed to establish Article III standing." *Booker*, 22 F.4th at 959.

linda_mcdermott@fd.org

## LOCAL RULE 3.01(g) CERTIFICATION

Petitioner's position is that the Respondents do not have standing on the issues of whether federal counsel may be permitted to exhaust Mr. Hartley's constitutional claims in state court. However, as a courtesy, undersigned counsel contacted opposing counsel, Assistant Attorney General Jason Rodriguez. Mr. Rodriguez does not object to the filing of a reply.

/s/ Linda McDermott
Linda McDermott

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing motion have been furnished by electronic service to all counsel of record on this 6th day of March, 2024.

/s/ Linda McDermott
Linda McDermott