UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH HARTLEY,

       Petitioner,

v.                                              Case No. 3:08-cv-962-MMH-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
       Respondents.

## ORDER

    Before the Court is the Capital Habeas Unit of the Office of the Federal Public Defender for the Northern District of Florida's (NDFL-CHU)[1] Emergency Motion to Permit Federal Public Defender Counsel to Exhaust Relief in State Court (Motion; Doc. 88). NDFL-CHU asks the Court to appoint it to represent Hartley in his state postconviction proceedings, so it can pursue newly discovered evidence claims on Hartley's behalf. Motion at 5. According to NDFL-CHU, it recently discovered the evidentiary bases for these claims during a joint investigation between the Conviction Integrity Unit of the State Attorney's Office for the Fourth Judicial Circuit (CIU) and NDFL-CHU. Id. at 3–5. NDFL-CHU details the "exculpatory evidence" as follows:

---

[1] On July 21, 2020, the Court appointed NDFL-CHU to serve as counsel for Hartley in this case. See Order (Doc. 57).

- Undisclosed evidence of expectations by witnesses, Sidney Jones and Juan Brown, from the State.
- Undisclosed notes from the Jacksonville Sheriff's Office that reveal witnesses who undermine Jones' testimony. For example, the notes reveal that Kim Harris, the victim's girlfriend at the time of the crime, indicated that she spoke with him at 9:15 p.m. while he was at his home with his mother. This directly contradicts Jones' testimony that Gino was at the scene of the abduction from 8:00 p.m. on.
- The findings of an eyewitness identification expert that undermine the testimonies of Jones and Brown.
- The digital crime scene reconstruction and subsequent conclusions of a forensic consultant that decisively shows the State's theory of the shooting could not have occurred. Consequently, the statements of the jailhouse witnesses who testified in accordance with the State's theory, are refuted.
- A fingerprint report that could not exclude Hank Evans, an alternate suspect, from the prints that had been found in the victim's vehicle. This holds significance as this is the type of evidence that would have changed the determination of whether testimony implicating Evans, which had been excluded at Mr. Hartley's trial, would have been allowed in Mr. Hartley's trial.

Id. at 4. NDFL-CHU also "developed a claim relating to the jailhouse informants" in Hartley's amended fourth successive motion for postconviction relief under Florida Rule of Criminal Procedure 3.851, and requests permission

"to assist in the presentation of evidence at the scheduled evidentiary hearing." Id. at 5.

Respondents oppose the Motion, arguing that the Court should not authorize NDFL-CHU to appear in state court because Hartley has adequate state postconviction counsel, Capital Collateral Regional Counsel–North (CCRCN). See Response (Doc. 90) at 6–12. They also assert they have standing to object to the Motion. Id. at 12–20.

The Court directed NDFL-CHU to confer with CCRCN about the Motion and to file a reply: (1) advising of CCRCN's position on its request for appointment, and (2) explaining why CCRCN is not providing "adequate representation" for pursing the newly discovered evidence claims in state court, warranting the Court's expansion of NDFL-CHU's representation to Hartley's state court proceedings. See Order (Doc. 92) at 4. In the Reply, NDFL-CHU states that CCRCN objects to NDFL-CHU's participation in the upcoming evidentiary hearing but CCRCN does not object to the Court appointing NDFL-CHU to pursue the additional newly discovered evidence claims in state court. See Reply (Doc. 93) at 1. According to NDFL-CHU, CCRCN stated:

> Based on the circumstances regarding the joint investigation of the CIU and NDFL-CHU and based on the scope and timeline to file the newly discovered

3

> evidence claims, it is not plausible for CCRC-N to be in a position to adequately represent Mr. Hartley on the newly discovered evidence found by the joint investigation of the CIU and NDFL-CHU as CCRC-N was not included in that investigation.

Id. at 1–2. NDFL-CHU also has provided Hartley's affidavit, in which he requests NDFL-CHU "represent [him] on everything in state court." Doc. 93-1.

18 U.S.C. § 3599(a)(2) governs the appointment of counsel in 28 U.S.C. § 2254 proceedings seeking to vacate or set aside a death sentence. A district court must appoint one or more attorneys to represent such a petitioner "who is or becomes financially unable to obtain adequate representation." 18 U.S.C. § 3599(a)(2). An attorney appointed under § 3599(a)(2):

> shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e). "[S]ubsection (a)(2) triggers the appointment of counsel for habeas petitioners, and subsection (e) governs the scope of appointed counsel's duties." Harbison v. Bell, 556 U.S. 180, 185 (2009). In dicta interpreting § 3599 and Harbison, the Eleventh Circuit has explained that district courts must

4

consider whether a § 2254 capital petitioner can obtain adequate representation before appointing federally funded counsel to exhaust a claim in state court.[2] See Booker v. Sec'y, Fla. Dep't of Corr., 22 F.4th 954, 961 (11th Cir. 2022) (Lagoa, J., concurring specially); see also Gore v. Crews, 720 F.3d 811, 814 n.1 (11th Cir. 2013) (noting that if petitioner asserts that his state court counsel is not providing representation adequate to exhaust his state court remedies, that would be a circumstance in which a district court could appoint federally funded counsel to exhaust a claim in state court); Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1214 (11th Cir. 2014) (observing that it would be an abuse of discretion for a district court to appoint federally funded counsel to exhaust state postconviction remedies when a petitioner has adequate legal representation in state court).

Specifically, in Booker, Judge Lagoa joined by Judge Newsom authored a special concurring opinion, finding that if the State of Florida had standing to oppose appointment of the CHU to represent Booker in state postconviction court, the district court erred in doing so without first determining that Booker's state court counsel was not providing "adequate representation." 22

---

[2] The Sixth Circuit has interpreted § 3599 and Harbison in a similar manner. See Irick v. Bell, 636 F.3d 289, 292 (6th Cir. 2011); but see Samayoa v. Davis, 928 F.3d 1127, 1130–31 (9th Cir. 2019).

5

F.4th at 960. Judge Lagoa noted that while § 3599 does not define "adequate," dictionaries define the term as "'sufficient for a specific need or requirement' . . . or as either: (1) '[f]ully satisfying what is required; quite sufficient, suitable, or acceptable in quality or quantity'; or (2) '[s]atisfactory, but worthy of no stronger praise or recommendation; barely reaching an acceptable standard; just good enough.'" Id. at 961 (internal citations omitted). The Court finds Judge Lagoa's concurrence in Booker to be persuasive.

Here, even assuming litigation of a successive Rule 3.851 motion constitutes a "subsequent stage of available judicial proceedings" under § 3599(e), Hartley is not entitled to the appointment of federally funded counsel because he has adequate state postconviction counsel. CCRCN has represented Hartley in state court for approximately four years. See Motion at 3 (noting that the state court appointed CCRCN to represent Hartley as state postconviction counsel on February 21, 2020). CCRCN, on behalf of Hartley, filed an amended fourth successive Rule 3.851 motion premised on newly discovered evidence of witness recantations. See State v. Hartley, No. 1991-CF-8144 (Fla. 4th Cir. Ct.). CCRCN has actively litigated the Rule 3.851 motion and is preparing for an evidentiary hearing on all nine grounds for relief raised in the motion. Id. CCRCN's efforts in state court demonstrate that

Hartley has adequate representation to present evidence at the upcoming evidentiary hearing and to raise additional claims for relief.

Nevertheless, NDFL-CHU contends that because of its role in the CIU investigation, it is well-positioned to argue the claims based on exculpatory evidence obtained from the investigation. Motion at 8; Reply at 2–6. NDFL-CHU's argument largely focuses on the suitability of NDFL-CHU because it is privy to that information, not the adequacy or inadequacy of CCRCN's representation of Hartley. That is not the type of inquiry contemplated by § 3599(a)(2). The Court instead must examine "whether [Hartley] already has adequate representation to exhaust the claim[s] in state court." Booker, 22. F.4th at 962 (emphasis added).

While NDFL-CHU failed to include CCRCN in its joint investigation with the CIU, see Reply at 2, 4, it points to no evidence suggesting that CCRCN could not adequately present the newly discovered evidence claims in state court once provided with the information that NDFL-CHU possesses. Indeed, most of the "newly discovered evidence" detailed in the Motion, such as notes from the Jacksonville Sheriff's Office and a fingerprint report, could easily be provided to CCRCN. "Undisclosed evidence of expectations by witnesses . . .

7

from the State" presumably would provide the basis for Brady[3] or Giglio[4] claims. Motion at 4. CCRCN is pursuing claims of the same type in state court based on evidence that NDFL-CHU allegedly uncovered, see Reply at 3, and the Court can discern no reason why CCRCN could not present claims based on the additional evidence. Simply because CCRCN, through no fault of its own, would have difficulty presenting these claims by the date that NDFL-CHU suggests—March 29, 2024—does not render CCRCN inadequate.[5] Based on the above, the Court concludes that Hartley has adequate state postconviction counsel. As such, NDFL-CHU's Motion is due to be denied.[6] The Court will direct NDFL-CHU to provide CCRCN with the information and documentation it obtained during the investigation.

---

[3] Brady v. Maryland, 373 U.S. 83 (1963).

[4] Giglio v. United States, 405 U.S. 150 (1972).

[5] The Court is troubled by the apparent failure of NDFL-CHU to communicate with Hartley's state court counsel. NDFL-CHU did not involve CCRCN in its investigation with the CIU, and it remains unclear whether NDFL-CHU included CCRCN in its conversations with Hartley about NDFL-CHU's request to dually represent him in state court. In suggesting the implementation of a CHU in Florida, the Eleventh Circuit anticipated that a CHU could not only represent state capital inmates in federal habeas proceedings, but also "provide critical assistance and training to private registry counsel who handle state capital cases in Florida's collateral proceedings," in an effort to ensure state capital inmates' federal claims are timely presented. Lugo, 750 F.3d at 1215. Attempts to usurp active state court proceedings without the knowledge of state postconviction counsel does not serve the purpose for which NDFL-CHU was created. NDFL-CHU must cooperate with state postconviction counsel in the future.

[6] The Court need not address the question of whether Respondents have standing to object to the Motion.

Therefore, it is now

**ORDERED:**

1. NDFL-CHU's Emergency Motion to Permit Federal Public Defender Counsel to Exhaust Relief in State Court (Doc. 88) is **DENIED**. NDFL-CHU is directed to provide CCRCN with all information and documentation that it obtained during the CIU investigation.

2. Respondents' Motion for Permission to File a Reply (Doc. 94) is **DENIED** as moot.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of March, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 3/14
c:  Kenneth Hartley, #318987
    Counsel of Record