UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH HARTLEY,

    Petitioner,

v.                                                  Case No. 3:08-cv-962-MMH-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

Petitioner Kenneth Hartley, an inmate of the Florida penal system, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Hartley then filed an Amended Petition (Doc. 52). On August 4, 2022, the Court denied Hartley's Amended Petition, see Order (Doc. 72), and the Clerk entered judgment accordingly, see Judgment (Doc. 73). The Eleventh Circuit Court of Appeals has denied a certificate of appealability. See USCA Order (Doc. 107).

On February 29, 2024, Hartley's federal habeas counsel—the Capital Habeas Unit of the Office of the Federal Public Defender for the Northern District of Florida (NDFL-CHU)—filed an "Emergency Motion to Permit Federal Public Defender Counsel to Exhaust Relief in State Court" (Motion to

Exhaust; Doc. 88). NDFL-CHU asked the Court to expand the scope of its representation and appoint it to represent Hartley in his state postconviction proceedings, so it could pursue newly discovered evidence claims on Hartley's behalf. See generally Motion to Exhaust. According to NDFL-CHU, it uncovered the evidentiary basis for these claims during a joint investigation between NDFL-CHU and the Conviction Integrity Unit of the State Attorney's Office for the Fourth Judicial Circuit (CIU). Id. at 3–5. At the time, Hartley's state postconviction counsel—Capital Collateral Regional Counsel-North (CCRCN)—was litigating a successive motion for postconviction relief under Florida Rule of Criminal Procedure 3.851 on his behalf. See Response to Motion to Exhaust (Doc. 90) at 2.

On March 18, 2024, the Court denied NDFL-CHU's Motion to Exhaust, finding Hartley was not entitled to the appointment of federally funded counsel to litigate a successive Rule 3.851 motion because he had adequate state postconviction counsel. See Order (Doc. 97). The Court also expressed concern about NDFL-CHU's apparent failure to apprise CCRCN of developments in its investigation with CIU, noting:

> The Court is troubled by the apparent failure of NDFL-CHU to communicate with Hartley's state court counsel. NDFL-CHU did not involve CCRCN in its investigation with the CIU, and it remains unclear whether NDFL-CHU included CCRCN in its

2

>  conversations with Hartley about NDFL-CHU's request to dually represent him in state court. In suggesting the implementation of a CHU in Florida, the Eleventh Circuit anticipated that a CHU could not only represent state capital inmates in federal habeas proceedings, but also "provide critical assistance and training to private registry counsel who handle state capital cases in Florida's collateral proceedings," in an effort to ensure state capital inmates' federal claims are timely presented. Lugo,[1] 750 F.3d at 1215. Attempts to usurp active state court proceedings without the knowledge of state postconviction counsel does not serve the purpose for which NDFL-CHU was created. NDFL-CHU must cooperate with state postconviction counsel in the future.

Id. at 8 n.5.

Before the Court is NDFL-CHU's Motion to Alter or Amend (Motion; Doc. 98) under Rule 59(e), Federal Rules of Civil Procedure, in which it asks the Court to rescind footnote 5 of the March 18th Order. NDFL-CHU argues that "alteration or amendment is necessary to prevent a manifest injustice." Motion at 1. According to NDFL-CHU, footnote 5 contains

>  several inaccuracies, including: (1) a finding that NDFL-CHU failed to include CCRCN in its joint investigation with the CIU; (2) an assumption that NDFL-CHU failed to communicate with CCRCN; (3) a suggestion that NDFL-CHU is not cooperative with state postconviction counsel and has attempted to "usurp active state court proceedings" without postconviction counsel's knowledge; and (4) a concern that NDFL-CHU is not serving the purpose for which

---

[1] Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198 (11th Cir. 2014).

> it was created—namely, to ["]provide critical assistance and training" to state postconviction counsel.

Id. at 3–4 (footnotes omitted). NDFL-CHU now maintains that CCRCN was aware of the CIU investigation from its inception, and NDFL-CHU has attempted to maintain a cooperative and collaborative relationship with CCRCN. See id. at 6–14. NDFL-CHU also asserts that CCRCN has moved to withdraw as counsel in state court, and if the state court grants CCRCN's motion, NDFL-CHU asks this Court to reconsider its refusal to permit NDFL-CHU to exhaust claims in state court. See id. at 14–16. Respondents filed a response in opposition to the Motion. See Response (Doc. 103). NDFL-CHU has replied. See Reply (Doc. 106). The Motion is ripe for review.

Rule 59(e) affords the Court discretion to reconsider an order which it has entered.[2] See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[] discovered evidence or manifest errors

---

[2] The Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008). It is widely recognized, however, that Rule 59(e) (which governs motions "to alter or amend a judgment") encompasses motions for reconsideration. Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure 2d § 2810.1 (2007)).

of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advert. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of Rule 59 is not to ask the Court to "reexamine an unfavorable ruling" in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

The Court declines to rescind footnote five of its March 18th Order. Indeed, the actions of NDFL-CHU—and subsequent developments in Hartley's state court case—only reinforce the need for the Court's reminder that NDFL-CHU must cooperate with state postconviction counsel. Since the entry of the Court's Order on March 18, 2024, CCRCN has filed a "Notice of Conflict and Request to Withdraw" in state court, stating that NDFL-CHU failed to timely apprise CCRCN of developments in the CIU investigation and that the actions of NDFL-CHU "undermined" its relationship with Hartley. Doc. 98-1 at 3–4. As a result, CCRCN asked the state court to "permit the withdrawal of CCRC-

North, and . . . appoint another CCRC office to represent Mr. Hartley in state court." Id. at 5.

Despite CCRCN's assertions in state court, NDFL-CHU insists in this case that CCRCN knew about the investigation from its inception, and NDFL-CHU "reasonably believed all relevant parties were on the same page regarding its role in pursuing the new claims arising from the CIU investigation." Motion at 8. In support of its position, NDFL-CHU points to an affidavit from Karin Moore, a former CCRCN attorney who acted as Hartley's lead state postconviction counsel until May 2023. In her affidavit, Moore states in pertinent part:

> Prior to the [Rule 3.851] motion being filed in April, 2023, the CHU advised me that they had learned that the Conviction Integrity Unit (CIU) at the Office of the State Attorney for the Fourth Judicial Circuit was investigating Ronnie Ferrell's conviction for the murder of Gino Mayhew. Because Mr. Ferrell was Mr. Hartley's co-defendant, the CHU communicated that it hoped to determine whether anything that was developed by the CIU would be shared with Mr. Hartley and if the CHU could assist with the CIU investigation. I was aware that the CHU would engage with the CIU to determine whether a favorable resolution could be attained for Mr. Hartley's case without litigation.

Doc. 98-3 at 2.

6

First, while Moore's affidavit may demonstrate NDFL-CHU apprised Hartley's prior state postconviction counsel of the CIU investigation, it does not clarify whether an understanding existed between NDFL-CHU and CCRCN regarding the sharing or use of information obtained as a result of the investigation.[3] Second, and more importantly, the fact remains that NDFL-CHU failed to apprise CCRCN of the investigation's developments. CCRCN represented in its state motion to withdraw that it was not informed of the facts unearthed during the investigation until February 28, 2024.[4] Doc. 98-1 at 3. And NDFL-CHU did not turn over information and documentation that it obtained during the CIU investigation until March 21, 2024, after the Court directed it to do so. Id.; see also Order (Doc. 97). NDFL-CHU apparently believed the information from the CIU investigation was significant because it asked the federal court, via an "emergency" motion, to exhaust claims based on this information in state court. Yet, NDFL-CHU chose not to provide this

---

[3] Moore's affidavit even appears to suggest a lack of understanding between NDFL-CHU and CCRCN on these points. For instance, Moore states she was aware that NDFL-CHU would engage with the CIU to determine whether a favorable resolution could be obtained without litigation, whereas NDFL-CHU now wants to use the information obtained during the CIU investigation to file a successive Rule 3.851 motion.

[4] In the motion to withdraw, CCRCN also asserts that although NDFL-CHU informed it that a motion to exhaust would be filed in federal court, NDFL-CHU neither informed CCRCN of the timeframe for filing nor provided CCRCN with a copy of the motion to exhaust. Doc. 98-1 at 3 n.1.

information to Hartley's state postconviction counsel, or even to apprise CCRCN of the investigation's progress, in a timely manner. In light of the above, the sentiment expressed in the Court's footnote still stands.

The Court also will not revisit its ruling denying NDFL-CHU's request for permission to exhaust newly discovered evidence claims on Hartley's behalf in state court. The state court has denied CCRCN's motion to withdraw. See Notice (Doc. 108). Hartley still has adequate representation in state court, and therefore, he is not entitled to the appointment of federally funded counsel for the purpose of exhausting the proposed claims in state court.

Accordingly, it is now **ORDERED** that Hartley's Motion to Alter or Amend (Doc. 98) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of July, 2024.

/s/ Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 7/15
c:   Kenneth Hartley, #318987
     Counsel of record

8